BOLIN, Judge.
Plaintiff Cohen seeks recovery on a note in the amount of $2,616.42 and recognition of a vendor’s lien on thirty shares of stock of defendant Ventura Aircraft Corporation. Defendant admits execution of the note and that it is unpaid but, by reconventional demand, seeks judgment in the amount of $6,853.14 representing an alleged overdraft in the drawing account of plaintiff. The overdraft was secured by a collateral note in the amount of $4,275
The lower court rendered judgment in favor of plaintiff and recognized the vendor’s lien on the stock. The demands of the Ventura Corporation, plaintiff in recon-vention, were rejected except for that portion, represented by the collateral note, which was dismissed as of nonsuit without prejudice. Ventura appeals and plaintiff answered the appeal praying for rejection of all Ventura’s demands.
Cohen was a stockholder-employee of the defendant corporation from the latter part of April 1964 until September 6, 1965, at which time the relationship was dissolved. Minutes of the corporation reflect plaintiff was to draw $1,000 a month from available profits of the venture. Overdraws were secured by a note given to the corporation as collateral, presumably until profits caught up with the salary or drawing account. In March 1965, before the corporation had begun to realize large profits, plaintiff gave defendant a collateral note for $4,275, due December 31, 1965, to secure overdrafts for 1964.
At the termination of the employment plaintiff and defendant entered into a “letter agreement.” Plaintiff agreed to make available certain work-papers to defendant and not to hold himself out as being a representative of Ventura. In return Ven-tura paid Cohen $2,000 cash and gave its note in the amount of $2,616.42 due September 30, 1965.
The question involved is purely factual. There was oral testimony that, at the time of the transaction of September 10, 1965, Cohen sold his stock in the company to defendant and the $2,000 cash and the $2,616.-42 note represented the value of the stock plus Cohen’s investment in the corporation. The final paragraph of the letter is relied upon by plaintiff to prove that all business connections and financial affairs between the parties were intended to be concluded on that date. This paragraph reads as follows :
* * * * * *
“The accounting between Cohen and Ventura includes the check drawn by Cohen on Ventura’s account dated September 7, 1965 and he is not obligated to Ventura for said withdrawal.”
The check referred to was in the sum of $1,364 and was the last check drawn by Cohen on the company.
*707 The record established the method used in arriving at the sum paid Cohen for his stock was as follows:
A. An equivalent of $1,000 per month for a period of 16 months being the approximate period Cohen was employed by Ventura ...$16,000.00
B. Less the amounts agreed upon to be charged to Cohen as draw, itemized in Exhibits P-3a and P-3c .. 15,748.58
Balance in favor of $ 251.42 Cohen (notation at top of P-3c)
C. Cohen’s original investment in the corporation (P-3b) .$ 4,365.00
$ 4,616.42
We have examined the pleadings of the plaintiff in reconvention and, although the collateral note upon which the lower court granted a nonsuit is mentioned, the note was not due at the time suit was filed and was neither introduced into evidence nor was it sued upon. The only relief to which plaintiff in reconvention Ventura claimed to be entitled was judgment in the amount of $6,853.14 and rejection of plaintiff’s demands. We are of the opinion the question of validity and enforceability of the note was never before the lower court, nor is it now before us. Further, we think the letter of September 10, 1965, amounted to a compromise settlement encompassing the entire account claimed by defendant Ventura.
For the reasons assigned the judgment appealed from is amended so as to reject all demands of Ventura Aircraft Corporation in its reconventional demand and as amended the judgment is affirmed at appellant’s cost.
Amended and affirmed.